# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**DR. DOMINIQUE RYON and**　　　　　　　　**CIVIL ACTION**
**DR. BENEDICTE MAUGUIERE**

**VERSUS**

**ELSIE BURKHALTER, ET AL**　　　　　　**NO. 08-333-C**

## RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs, Dr. Dominque Ryon and Dr. Benedicte Mauguiere, initiated this action on June 5, 2008, seeking a Temporary Restraining Order and Preliminary Injunction, prohibiting the State of Louisiana, Board of Supervisors for the University of Louisiana System from proceeding with a June 16, 2008 termination hearing, including rescheduling or holding a hearing, before this matter is heard on a preliminary injunction; that Dr. Suzanne Kocher and Dr. Fabric Leroy be prohibited from having an official role in the proceedings other than as witnesses or defendants' hearing representative; prohibit defendants from infringing on plaintiffs' freedom of expression and right to petition for redress of grievances under federal and state law, including but not limited to the First and Fourteenth Amendments to the United States Constitution, and Article 1, Section 2 of the Louisiana Constitution of 1974; and prohibit defendants from harassing and retaliating against plaintiffs in any manner.

Doc#1760

On June 12, 2008, this Court denied the plaintiffs' request for a Temporary Restraining Order. The Court now assigns the following reasons for that action.

In order to justify the issuance of a temporary restraining order, a plaintiff must show a likelihood of success on the merits, that there is a threat of irreparable injury, that the threatened injury outweighs any harm the injunction might cause the defendants, and that the injunction will not impair the public interest.[1]

Plaintiffs contend that they seek "injunctive relief to prevent irreparable injury and harm to plaintiffs' reputations and standing in the academic, scholarly and their professional community, and in the larger community, and to obtain their federal and state due process rights."[2] Plaintiff also seek "injunctive relief to enjoin the retaliation against them for the exercise of their First Amendment rights, of which the purported sexual harassment charge is a part."[3]

The Due Process Clause prevents a state from depriving a person of life, liberty, or property without due process of law.[4] To claim the protections of due process, a claimant must show the existence of some property or liberty interest which has been adversely affected by state action.[5] While the law is clear that a tenured college instructor possesses a property interest in his position which requires due process

---

[1] **Younger v. Harris**, 401 U.S. 37, 44-45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

[2] See Plaintiff's Memorandum in Support of Plaintiffs' Request for Declaratory and Injunctive Relief, p. 28.

[3] **Id.**

[4] U.S. Const. amend XIV,

[5] **Johnson v. Southern University and A & M College**, 00-2615, p. 6 (La. App. 1st Cir. 12/28/01).

protection both under the federal and state constitutions,[6] plaintiffs have not shown what immediate and irreparable harm will befall them if they are required to follow the administrative path.

The most glaring shortcoming in the Plaintiffs' request is the fact that they have not shown that they will not receive a favorable outcome in the administrative hearing which they seek to enjoin.   Obviously a ruling in their favor would make their request for a restraining order moot.  Further, according to LSA-R.S. 17:443, plaintiffs have additional administrative remedies to pursue, such as an appeal, if unsuccessful.  Thus, plaintiffs have not demonstrated the irreparable harm  necessary to justify the issuance of a temporary restraining order.[7]

Accordingly, Plaintiffs' Motion for Temporary Restraining Order (Doc. No. 3)  is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on July 7, 2008.

_____
**RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[6] **Jones v. Southern University and A & M College System,** 96-1430, p. 7 (La. App. 1st Cir. 5/9/97), 693 So.2d 1265, 1269.

[7] The court notes that although plaintiffs cite LSA-R.S. 17:443 as the basis for their allegation of a due process violation, the applicability of this provision to college professors is questionable.  However, it is unnecessary for the court to determine that issue at this time.