UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOMINIQUE RYON, ET AL     CIVIL ACTION

VERSUS

ELSIE BURKHALTER, ET AL     NO. 08-333-C

## RULING ON JOINT MOTION TO SEAL RECORD

This matter is before the court on a Joint Motion to Seal Record filed by the parties (Doc. No. 27). The parties seek an order from the court to seal the record, asserting that at this time, all interested parties are the age of majority, but that references to portions of the record include information regarding a person who was a minor at the time in question, as well as information concerning other third parties with privacy interests regarding portions of the record.

Courts have recognized that the public has a common law right to inspect and copy judicial records.[1] "The presumption that judicial records are open to the public is based on the nature of democracy and the 'citizen's desire to keep a watchful eye on the workings of public agencies.'"[2] "Allowing the public to access judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses,

---

[1] **SEC v. Van Wayenberghe,** 990 F.2d 845, 848 (5th Cir. 1993).

[2] **Nixon v. Warner Communications, Inc.,** 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978).

Doc#1858

and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness."[3] Thus, the common law merely establishes a presumption of public access to judicial records. However, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."[4]

A judge is "the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal" and must not simply "rubber stamp a stipulation to seal the record."[5] "[T]he district court's discretion to seal the record of judicial proceedings is to be exercised charily."[6] "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interest favoring nondisclosure."[7] "Although countervailing interests may outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption."[8]

---

[3] **Van Waeyenberghe,** 990 F.2d at 849.

[4] **Id.** at 848.

[5] **Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,** 178 F.3d 943, 945 (7th Cir. 1999).

[6] **Van Waeyenberghe,** 990 F.2d at 848 (quoting **Federal Savings & Loan, Ins. Corp. v. Blain,** 808 F.2d 395, 399 (5th Cir. 1987).

[7] **Id.** at 848.

[8] **Jaufre v. Taylor,** 351 F.Supp.2d 514 (E.D. La. 2005) (citing **Leucadia, Inc. v. Applied Extrusion Technologies, Inc.,** 998 F.2d 157, 165 (3rd Cir. 1993)).

In the case at hand, the parties set forth the following reasons for requesting that the entire record be sealed:

> 1) that the subject matter of the suit is a closed, highly confidential hearing at a state institution in which all parties involved requested the hearing be closed, and the witnesses put under a confidentiality order, due to the sensitive nature of the information, including but not limited to, one witness being a minor, the grievants being students with an expectation of privacy, and the parties against whom the charges were levied ... being tenured faculty members with similar expectations of privacy; 2) the public has had no access to these documents in the preparation of the hearing and should not have any such access as the hearing record contains highly confidential information regarding both the alleged victims and those alleged to have violated procedure and facing a hearing; 3) the plaintiffs requested a closed hearing at the University, as did the University and grievants, and therefore, there is objection to disclosing the highly confidential information regarding personnel matters and information identifying victims as well as identifying a minor; 4) the privacy issues clearly protected under the Louisiana Constitution and the preclusion of release of certain information regarding students and faculty at a State entity with limited access would support not having this file publicly accessible through the PACER service; 5) the statements included in multiple filings in this matter are prejudicial to all parties involved including the then minor and impact all parties with public notice of the alleged incidents; and 6) no purpose is served by public disclosure at this time.

In the weighing of the parties' interest in having the entire record sealed against the public's right to access, the Court finds that the parties' request to seal the entire matter does not outweigh the public's right to access. In this matter, two tenured faculty members sought to enjoin the Board of a public institution of higher learning from conducting a hearing on their dismissal. Some of the matters included in the consideration of their dismissal involved sexual harassment claims by students along with incidents involving an individual who was a minor at the time of the

incidents. The court finds the right of access to the judicial records is particularly strong when a case involves the conduct of tenured faculty members at a state institution. The public clearly has an interest in learning how the institution and the court handled the issues dealing with sexual harassment claims by students against faculty members. Additionally, the court notes that the parties decided to file documents and pleading in this matter without first seeking to have any part of the matter sealed. The court finds that this weighs in favor of continued public access. The court also notes that the parties failed to specify how the disclosure of the record would be injurious. Thus, the parties failed to meet their burden to demonstrate that the privacy interest they assert outweighs the right of access such that the entire record of this case must be sealed. Accordingly,

IT IS ORDERED that the Joint Motion to Seal Record is DENIED.

Baton Rouge, Louisiana, this 25th day of June, 2010.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA